UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DIEGO ANDRES ARATECO MUNOZ,**<br><br>Petitioner,<br><br>v.<br><br>**DIRECTOR, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,**<br><br>Respondent. | 2:25-CV-10251-TGB-PTM<br><br>TERRENCE G. BERG<br><br>**ORDER DENYING HABEAS PETITION (ECF NO. 1) AS MOOT** |

Presently before the Court is Diego Andres Arateco Munoz ("Petitioner" or "Munoz")'s Habeas Petition brought under 28 U.S.C. § 2241. ECF No. 1. As the Court prepared to rule on the Petition, Respondent certified that Munoz had been deported to Colombia on October 1, 2025. ECF No. 24-1, PageID.196. Munoz had been in pre-removal detention pursuant to 8 U.S.C. § 1226(a) since August 2024 and sought to be released on bond or granted a new bond hearing with a shifted burden. ECF No. 1. For the following reasons, Munoz's Habeas Petition will be **DENIED** as **MOOT**.

### I. BACKGROUND

Munoz was born in 1987 in Colombia. Petition, ECF No. 1, PageID.4; Form I-213 Record, ECF No. 12, PageID.91. He entered the

United States on a student visa on June 14, 2008 when he was 21 years old, and had resided in the United States even since. Petition, ECF No. 1, PageID.4;. He owned a remodeling business and property rental business helping Detroit and Detroiters rebuild abandoned homes. ECF No. 7, PageID.31. He married a U.S. citizen and applied for adjustment of status in July 2014, but that application was either denied or has been pending for more than 10 years.[1] In February 2024, his sister, who is a U.S. citizen, also filed an Alien Relative Petition on his behalf. Amended Petition, ECF No. 8, PageID.48. Munoz was granted Advance Parole to leave and return to the United States between October 2019 and October 2020. ECF No. 12, PageID.92.

In January 2020, after paroling into the United States, he reported to the Field Office of Immigration and Customs Enforcement ("ICE") in Arizona pursuant to an I-340 bond demand and was taken into custody for processing. ECF No. 8, PageID.48. Following his initial appearance, Munoz was placed in removal proceedings and granted bond in May 2020 while his removal case progressed through the immigration court system. Petition, ECF No. 1, PageID.4. During this period, Munoz resided in Michigan and stated that he complied with the requirements of his

---

[1] The I-213 Form states that USCIS denied Munoz's I-485 Application on December 6, 2019. ECF No. 12, PageID.92. But Munoz and his wife filed a complaint in this District challenging the delay in his visa application, stating the hearing was cancelled in December 2019 without any final decision. *See* ECF No. 1, Case No. 2:25-cv-10456-SJM-DRG (filed Feb. 18, 2025).

ongoing immigration proceedings. However, he acknowledged that he was arrested and charged in Hamtramck, Michigan for driving while intoxicated in January 2021. ECF No. 1, PageID.4. After his release from the detention center, he was taken into custody of the Department of Homeland Security ("DHS"). *Id.* Munoz explains that he pleaded guilty to the reduced charge of driving while ability impaired by the consumption of alcohol ("DWAI") and was sentenced to 93 days' time served in November 2021. ECF No. 8, PageID.48.

On April 21, 2021, an immigration judge denied his application for cancellation of the removal proceedings and ordered him removed to Colombia. Petition, ECF No. 1, PageID.4. Munoz filed an appeal with the Board of Immigration Appeals ("BIA") on May 17, 2021, and was released from DHS custody pending the appeal. *Id.* On September 21, 2023, while the appeal was still pending, the BIA issued a notice of intent to take the case off the Board's active docket. Declaration of Nicholas J. Yoscovits ("Yoscovits Decl."), ECF No. 9-1, PageID.63.[2]

However, on August 8, 2024, Munoz was arrested and charged in Oakland County, Michigan, for operating a motor vehicle while intoxicated. He was released on bond (ECF No. 12, PageID.119), but taken back into DHS custody at the Calhoun County Jail in Battle Creek,

---

[2] This Declaration was filed in support of a Motion (ECF No. 9) that Defendant withdrew (ECF No. 16). However, Defendant later relied on this Declaration in the most recent Status Report. ECF No. 24-1, PageID.196.

3

Michigan the next day. Yoscovits Decl., ECF No. 9-1, PageID.64. He later pled guilty and was sentenced to 32 days' time served on September 11, 2024. ECF No. 1, PageID.5.

On August 19, 2024, the BIA returned the case to the Board's active docket upon DHS's request to render a decision on Munoz's appeal. Yoscovits Decl., ECF No. 9-1, PageID.64. Pursuant to 8 U.S.C. § 1226(a), Munoz was given a bond hearing before an Immigration Judge ("IJ") on August 27, 2024, in Detroit, Michigan. ECF No. 1, PageID.3-4.

At the end of the bond hearing, the immigration judge denied Munoz's request for bond, finding that Munoz did not meet his burden to show he was not a danger to the community pursuant to 8 C.F.R. § 236.1(c)(8). The oral decision[3] was followed by a written memorandum setting forth the basis for the bond denial. *See IJ Memorandum*, ECF No. 7, PageID.31-32. In this memorandum, the immigration judge noted that Munoz "testified that he twice operated his vehicle while under the influence of alcohol," once on January 25, 2021, and once on August 8, 2024.[4] *Id.* at PageID.31. The judge stressed that "[d]runk driving is a reckless act" and "an extremely dangerous crime," and that "those who choose to drink and drive claim thousands of lives each year." *Id.*

---

[3] The Court granted Munoz's request to file the audio recording of the bond hearing on November 14, 2025. ECF No. 21. As of the date of this Order, the court has not received the audio recording.

[4] While Munoz had not yet been convicted for the 2024 offense, he pled guilty a few weeks later. ECF No. 1, PageID.5.

4

Addressing Munoz's positive characteristics, the judge expressed concern that "despite the existence of his family and community ties," Munoz "made the choice to drink and drive on two occasions." *Id.* at PageID.32. Thus, relying on those two instances of drunk driving which Munoz admitted to, the judge concluded that the "gravity, frequency, and recency of [Munoz]'s OWIs weigh[ed] heavily in favor of denial of bond." *Id.* at PageID.32. On December 20, 2024, the BIA affirmed the IJ's denial of bond and dismissed Munoz's appeal. BIA decision, ECF No. 7, PageID.33. Thus, Munoz remained detained.

On January 16, 2025,[5] Munoz filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 2241. ECF No. 1, PageID.1. In the petition, Munoz contended that the Government violated his due process rights by placing the burden on him to prove that he is not a flight risk or danger to the community. *Id.* As relief, Munoz sought either immediate release from custody or a new bond hearing at which the government would bear the burden of justifying his continued detention by clear and convincing evidence. ECF No. 1, PageID.8-9.[6]

---

[5] The habeas petition is dated January 16, 2025, but was only received by the Court on January 28, 2025.

[6] Thereafter, Munoz filed various pleadings titled "Motion for an order to show cause, preliminary injunction, and temporary restraining order" (ECF No. 6), "Motion for summary judgment" (ECF No. 7), "Amended Complaint" (ECF No. 8), "Motion of Evidence" (ECF No. 12), and

5

Munoz had remained in ICE custody continuously since August 9, 2024 while his removal case continued to proceed in the immigration courts. While he was first detained in Michigan, he was transferred to the Freeborn County Detention Center in Minnesota on January 31, 2025 due to a lack of bed space in Michigan detention facilities. Yoscovits Decl., ECF No. 9-1, PageID.64.

On January 21, 2025, the BIA issued a decision upholding the immigration judge's denial of cancellation of removal but remanding proceedings for the immigration judge to further consider Munoz's statutory eligibility for voluntary departure. *Id.* On March 31, 2025, the immigration judge denied Munoz's request for voluntary departure, finding that Munoz lacked good moral character and did not merit voluntary departure as a matter of discretion, and ordered him removed to Colombia. *Id.* Munoz appealed on April 7, 2025, but the BIA dismissed the appeal on August 25, 2025, resulting in a final order of removal to Colombia. Declaration of William Cooper ("Cooper Decl."), ECF No. 24-1, PageID.195. Munoz was subsequently removed from the United States on Ice Air Operations charter flight #26-000003 to El Dorado International Airport in Bogota, Colombia on October 1, 2025. *Id.*

---

"Response in Opposition to Answer" (ECF No. 18). While the government initially sought to transfer the case, it withdrew the request and filed a Response to Munoz's petition and other pending motions (ECF No. 17), to which Petitioner replied (ECF No. 18).

6

## II. LEGAL STANDARD

Article III of the United States Constitution vests federal courts with jurisdiction to address actual cases and controversies. *See* U.S. Const. art. III, § 2. To satisfy Article III's case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). Courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted." *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d. 435, 458 (6th Cir. 2004) (citations omitted). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Because federal courts' constitutional authority extends only to actual cases or controversies, they lack jurisdiction to decide moot cases. *Heckler*, 464 U.S. at 70; *see also Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.").

## III. DISCUSSION

Following the return of mail sent to Munoz at the Freeborn County Detention Center in Minnesota, including one of this Court's orders, as "undeliverable," the Clerk of the Court called the ICE Field Office in

Detroit to obtain Petitioner's correct mailing address. ECF No. 23, PageID.189. The Clerk was advised in a telephone call that Munoz had been deported on October 1, 2025. *Id*. Because such information had not previously been provided to the Court or made part of the official record of this case, the Court ordered Respondent to certify the status of Munoz's removal proceedings and deportation. *Id*. at PageID.190. Respondent subsequently filed a "Status Report" confirming that Munoz had been deported. ECF No. 24, PageID.191. The Report is supported by the Declaration of William Cooper, Deportation Officer with the ICE Detroit Field Office, which alleges that:

> Arateco Munoz filed an appeal of the immigration judge's decision denying relief, and the Board of Immigration Appeals dismissed the appeal on August 25, 2025, resulting in a final order of removal to Colombia.
>
> Arateco Munoz was removed from the United States on Ice Air Operations charter flight #26-000003 to El Dorado International Airport in Bogota, Colombia on October 1, 2025.

ECF No. 24-1, PageID.196, ¶¶ 5-6.

Such oral, written, and certified confirmations in this case support a finding that Munoz has, in fact, been deported. Munoz's deportation renders this case moot, as Munoz is no longer in the custody of the United States government, such that there is no case or controversy for this Court to adjudicate. More specifically, this Court cannot grant the relief Munoz sought, that is release from pre-removal detention or an additional bond hearing pending final order of removal.

8

Therefore, Munoz's Petition (ECF No. 1) must be **DENIED** as **MOOT**. Similarly, Munoz's pending Motions for Preliminary Injunction (ECF No. 6) and for Summary Judgment (ECF No. 7) must also be **DENIED** as **MOOT**.

### IV. CONCLUSION

For the foregoing reasons, Munoz's Habeas Petition (ECF No. 1), Motion for Preliminary Injunction (ECF No. 6), and Motion for Summary Judgment (ECF No. 7) are **DENIED** as **MOOT**. In addition, the Government's Motion for extension of time to respond (ECF No. 10) is **DENIED** as **MOOT** because the Government responded to those motions at the same time it answered the Petition.

It is **FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.[7]

**SO ORDERED**.

Dated: January 20, 2026        /s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

---

[7] Dismissing this case with prejudice does not mean that Munoz could never raise a similar claim again should he be held in immigration detention in the future.

9